UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                            DECISION AND ORDER
          v.                                          06-CR-02A

DWAYNE HUGH WILLIAMS,

                Defendant.

---

## **INTRODUCTION**

On June 29, 2006, following a two-day jury trial, the defendant, Dwayne Hugh Williams, was found guilty of one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326. On August 31, 2006, the defendant filed a motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The government filed a response in opposition on September 13, 2006. Oral argument was deemed unnecessary. After considering the evidence adduced at trial and the submissions of the parties, the Court denies the motion for judgment of acquittal.

## **DISCUSSION**

The standard for judgment of acquittal under Rule 29 is well established in this Circuit. A defendant challenging the sufficiency of the evidence "faces an uphill battle and bears a very heavy burden . . .." United States v. Crowley, 318 F.3d 401, 407 (2d Cir.) (internal quotations and citations omitted), cert. denied, 540 U.S. 874 (2003).

> In considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government. All permissible inferences must be drawn in the government's favor. In addition, the court must be careful to avoid usurping the role of the jury. [U]pon a motion for judgment of acquittal, the [c]ourt must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury. In fact, if the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.

United States v. Guadagna, 183 F.3d 122, 129 (2d Cir. 1999) (internal quotations and citations omitted).

The defendant argues that a judgment of acquittal should be granted because the government failed to establish an essential element of its case, that the defendant was an alien or a non-national of the United States. Alternatively, the defendant argues the evidence "demonstrate[d] equal, or nearly equal,

circumstantial evidence to a theory of guilt and a theory of innocence," see Def. Rule 29 Motion, Dkt. 34, at 3, thereby entitling him to a verdict of innocence in accordance with the principles set forth in United States v. Glenn, 312 F.3d 58, 62-63 (2d Cir. ___) ("[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.") (internal quotation omitted).

Contrary to the defendant's assertion, the evidence when viewed in the light most favorable to the government established that the defendant was an alien, that is, that he was not a Untied States citizen or a naturalized citizen. The government presented evidence showing that the defendant was born in Canada to parents who were not United States citizens at the time that he was born.

The defendant elicited testimony from the government's own witness, Agent Schoenrock, indicating that sometime before the defendant attained the age of 18 years old, his mother became a naturalized citizen. Based upon that evidence, the defendant attempted to argue that he acquired "derivative citizenship" by virtue of his mother's naturalization. However, Agent Schoenrock also testified that while those two facts factor into the analysis of whether a person is a United States citizen, he also testified that those facts alone do not confer citizenship, see Transcript of Trial Testimony, Dkt. 33, at 48, that other factors also play into the analysis, and that based upon his analysis of the

pertinent factors, the defendant was not a United States citizen, id. at 49-50.

The defendant also elicited testimony from Agent Schoenrock that another factor relevant to the inquiry of derivative citizenship is whether the parent who had been naturalized had been legally separated at the time and had sole legal custody.  Based upon that testimony, the defendant sought to argue that the government failed to prove alienage because the government failed to *disprove* that he lacked derivative citizenship.  In other words, the defendant argued that it was the government's burden to prove not only that the defendant was an alien, but also to disprove the defendant's claim of derivative citizenship.

Contrary to the defendant's assertion, the government was not required to *disprove* that he might hypothetically have become a citizen by virtue of his mother's naturalization.  The government's burden was to prove that the defendant was an alien.  By presenting evidence that the defendant was born in Canada to non-United States citizens, the government met that burden. However, as the Court ruled during the trial, the government was not required to prove the defendant's lack of derivative citizenship as an element of the charged offense. Although derivative citizenship is a *defense* to illegal reentry, the defendant did not present evidence supporting that defense.  He elicited testimony from Agent Schoenrock that the marital status of a mother would be a relevant factor to the issue of derivative citizenship.  However, there was no evidence introduced as to whether his parents had ever been legally separated.

4

In sum, viewing the evidence presented to the jury in a light most favorable to the government, the evidence supports the jury's verdict that the defendant was an alien. Accordingly, the defendant's motion for judgment of acquittal is denied.

    IT IS SO ORDERED.

                      /s/ *Richard J. Arcara*
                HONORABLE RICHARD J. ARCARA
                CHIEF JUDGE
                UNITED STATES DISTRICT COURT

DATED: October 18, 2006