UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWAYNE WILLIAMS, 14193-055,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

**DECISION AND ORDER**
08-CV-441A
06-CR-2A

---

This case comes before the Court on a motion by petitioner for habeas corpus relief pursuant to 28 U.S.C. § 2255. The sole issue that petitioner raises in his motion is ineffective assistance of counsel. Specifically, petitioner asserts that his counsel violated his Sixth Amendment rights by failing to pursue an affirmative defense of derivative citizenship at his trial. Because derivative citizenship is not legally available to petitioner, and because the Second Circuit already has rejected petitioner's citizenship arguments, petitioner's motion will be denied.

## BACKGROUND

The Court will assume familiarity with the substantive details of petitioner's conviction and prior criminal history. On June 29, 2006, a jury found petitioner guilty of attempted reentry into the United States by an alien previously deported and removed after a conviction for an aggravated felony, in violation of 8 U.S.C.

§ 1326(a) and (b)(2). On October 24, 2006, this Court sentenced petitioner to a term of imprisonment of 92 months. On November 17, 2006, petitioner filed a notice of appeal with the United States Court of Appeals for the Second Circuit. On May 7, 2008, the Clerk of this Court docketed the mandate from the Second Circuit affirming petitioner's conviction. Among the arguments discussed in the Summary Order affirming petitioner's conviction, the Second Circuit held that petitioner failed to propose or enter into evidence documents that would have established a prima facie derivative citizenship claim. Additionally, the Second Circuit cited to petitioner's sworn statement admitting that he had no claim to United States citizenship.

After the Second Circuit's affirmance of his conviction, petitioner filed the pending motion on June 16, 2008. Petitioner asserts that his counsel was ineffective at trial by failing to assert a derivative citizenship defense to the charge. In support of his claim of derivative citizenship, petitioner has submitted New York State Supreme Court documents that set forth the following, among other facts: that petitioner was born on October 28, 1979; that his father physically separated from him and his mother on or about January 28, 1990; that his mother filed for divorce on September 12, 1996; and that a final judgment of divorce was entered in state court on or around February 20, 1998. Additionally, petitioner notes that his mother became a naturalized citizen on September 12, 1996, and that his 18th birthday did not occur until October 1997. According to

2

petitioner, his parents' *de facto* separation before his 18th birthday, even without a legal separation, makes him eligible for derivative citizenship under 8 U.S.C. § 1432, a statute officially repealed in early 2001.

In opposition to the pending motion, the government contends that when the derivative citizenship statute was in effect, it required not only naturalization of petitioner's mother but also a *legal* separation between petitioner's parents.[1] According to the government, petitioner cannot meet this requirement because his parents never separated legally until their divorce became final. Because the final judgment of divorce occurred after petitioner's 18th birthday, it cannot qualify as the legal separation necessary to give petitioner derivative citizenship.

## DISCUSSION

Naturalization of a child's parents is a prerequisite to derivative citizenship under the plain language of the former derivative citizenship statute. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) ("Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent.") (internal quotation marks and citations omitted). The naturalization requirement may be fulfilled in any of three ways.

---

[1]Under New York's Domestic Relations Law, an action for separation is a formal legal proceeding distinct from an action for divorce. *Compare* N.Y. Dom. Rel. Law § 200 (action for separation) *with id.* § 170 (action for divorce).

3

First, the child seeking derivative citizenship can demonstrate "naturalization of both parents." 8 U.S.C. § 1432(a)(1) (2000). Alternatively, the child may demonstrate either "naturalization of the surviving parent if one of the parents is deceased," *id.* § 1432(a)(2), or "naturalization of the parent having legal custody of the child when there has been a legal separation of the parents." *Id.* § 1432(a)(3). In any of these three situations, the required naturalization must have occurred "while such child is under the age of eighteen years." *Id.* § 1432(a)(4). Here, petitioner has submitted documentation relating to his parents' divorce proceedings. The documentation establishes, at most, that petitioner's parents were *physically* separated before his 18th birthday. This documentation does not establish any *legal* separation, pursuant to N.Y. Domestic Relations Law § 200, prior to petitioner's 18th birthday. *Cf. Brissett v. Ashcroft*, 363 F.3d 130, 134 (2d Cir. 2004) ("We hold that § 1432(a)(3) requires a formal act which, under the laws of the state or nation having jurisdiction of the marriage, alters the marital relationship either by terminating the marriage (as by divorce), or by mandating or recognizing the separate existence of the marital parties."); *accord Lewis v. Gonzales*, 481 F.3d 125, 130 (2d Cir. 2007) ("As to the first clause of § 1432(a)(3), the plain language requires [petitioner's] parents to have achieved a 'legal separation' before [petitioner] could receive automatic, derivative citizenship through his father, or for that matter, his mother. Moreover, under our case law, [petitioner] has offered nothing to show that his parents

4

*legally* separated, notwithstanding the practical state of affairs."). In the absence of a death or a legal separation before petitioner's 18th birthday, he falls under Section 1432(a)(1) for purposes of the pending motion. Because petitioner did not have two naturalized parents prior to his 18th birthday, he cannot under any circumstances claim derivative citizenship. The underlying substance of petitioner's motion thus lacks merit.

Petitioner's claim of ineffective assistance of counsel cannot proceed in the absence of an underlying substantive contention. "Failure to make a meritless argument does not amount to ineffective assistance." *U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) (citation omitted), *abrogated in part on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 404 n.8 (2003). The sole argument that petitioner has raised in the pending motion is that his counsel failed to raise derivative citizenship as an affirmative defense. For the reasons explained above and in the Second Circuit's Summary Order, derivative citizenship would have been a legally meritless defense at trial. There is no reason to hold that counsel should have raised the argument anyway. This Court thus must reject petitioner's claim of ineffective assistance.

## CONCLUSION

For all of the foregoing reasons, petitioner's pending motion is denied, and his related motion for summary judgment is denied as moot. The Clerk of the Court is directed to close the civil case associated with the pending motion.

In addition, because the issues that petitioner raised here are not issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. U.S.*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the entry of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: July 10, 2009